IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JERRY N. BROWN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Civil No. 16-03187-CV-S-ODS |
| ) | Crim. No. 05-3166-CR-S-ODS |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

<u>ORDER AND OPINION (1) DENYING PETITIONER'S MOTION
TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255, AND
(2) DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY</u>

Pending is Petitioner Jerry Brown's Motion to Correct Sentence under 28 U.S.C. § 2255. Doc #1. Petitioner seeks to be resentenced pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held the Armed Career Criminal Act's ("ACCA") residual clause is unconstitutional.

**I. BACKGROUND**

In August 2007, Petitioner entered a plea of guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Ordinarily, the offense of being a felon in possession of a firearm carries a maximum punishment of ten years' imprisonment. 18 U.S.C. § 924(a)(2). However, the ACCA requires a minimum sentence of fifteen years if a person violating 18 U.S.C. § 922(g) has three prior convictions for a "violent felony" or "serious drug offense." 18 U.S.C. § 922(e)(1). A "violent felony" is defined as a felony that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized portion constitutes the "residual clause" held unconstitutional in *Johnson*.

A presentence investigation report ("PSR") was prepared after Petitioner pled guilty. The PSR found Petitioner had three qualifying prior convictions of burglary,

manufacturing marijuana, and first degree sexual abuse that triggered a minimum sentence of fifteen years under the ACCA's "violent felony" provision. Based upon the ACCA enhancement, Petitioner faced a statutory mandatory minimum sentence of fifteen years. 18 U.S.C. § 922(e)(1).

In December 2007, Petitioner was sentenced to 180 months' imprisonment and five years of supervised release. On appeal, the Eighth Circuit affirmed Petitioner's sentencing. *United States v. Brown*, 323 F. App'x 479 (8th Cir. 2009). Petitioner now seeks to correct his sentence, arguing he does not qualify as an armed career criminal under *Johnson*.

## II. DISCUSSION

Petitioner's motion is timely because it is filed within one year of the Supreme Court's decision in *Johnson*. *See* 28 U.S.C. § 2255(f)(3). The Court also finds, based upon *Welch v. United States*, 136 S. Ct. 1257 (2016), that *Johnson* applies retroactively.

### A.

Petitioner argues his Missouri conviction for sexual assault in the first degree is not a violent felony, and therefore, he does not have three prior convictions that qualify as ACCA predicate offenses.[1] The Government contends Petitioner's claim is procedurally barred because the Eighth Circuit already decided this issue on direct appeal. "It is well-settled that claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *United States v. Shabazz*, 657 F.2d 189, 190 (8th Cir. 1981). On appeal, the Eighth Circuit reviewed "de novo whether a prior conviction qualifies as a violent felony or serious drug offense under § 924(e)." *Brown*, 323 F. App'x at 480. The Eighth Circuit found this Court "correctly determined that Brown had three qualifying felonies under § 924(e)." *Id.* Significant to the pending motion, the Eighth Circuit determined Petitioner's conviction for first degree sexual abuse "qualified as a violent felony under § 924(e),

---

[1] In his motion, Petitioner also argued his conviction for manufacturing marijuana was not a serious drug offense, and therefore, did not qualify as a predicate offense after the *Johnson* decision. Doc. #5, at 4-5. However, in his reply, Petitioner conceded he was no longer maintaining this argument. Doc. #10, at 1.

2

because the statute of conviction had as an element the use of physical force against another person." *Brown*, 323 F. App'x at 481 (citing Mo. Rev. Stat. §§ 566.100, 558.011 (1986)).[2] The question of whether Petitioner's conviction for sexual abuse in the first degree is a violent felony was already raised and decided on direct appeal. Petitioner is prohibited from relitigating the issue in a motion to vacate. *Shabazz*, 657 F.2d at 190. The Court finds Petitioner's claim is procedurally barred by his unsuccessful direct appeal. Petitioner's motion is denied.

**B.**

In order to appeal, Petitioner must first obtain a Certificate of Appealability. 28 U.S.C. § 2253(c)(2) provides that a Certificate of Appealability should be granted "only if the applicant has made a substantial showing of the denial of a constitutional right." This requires Petitioner to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quotation omitted). There is no dispute that Petitioner has three qualifying convictions under section 924(e)(2)(B), and thus, qualifies as an armed career criminal. There is no basis for debate or disagreement among jurists, and further proceedings are not warranted.

**III. CONCLUSION**

Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 is denied. The Court also declines to issue a Certificate of Appealability.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: August 11, 2016        UNITED STATES DISTRICT COURT

---

[2] Petitioner argues this Court is not bound by the conclusion of the Eighth Circuit but failed to cite to a case supporting that argument. Doc. #10, at 1.